O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 08-0547 DOC (MLGx)                                       Date: November 19, 2008

Title: LEONARD J. PORTO III v. CITY OF LAGUNA BEACH, et. al.

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                          Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANTS' MOTION TO DISMISS ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

   Before the Court is a Motion to Dismiss Action Pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Motion" or "Mot.") by Defendants City of Laguna Beach, City of Laguna Beach Marine Safety Department, Marine Safety Chief Mark Klosterman, Lifeguard Travis Lowrey, Lifeguard Thomas McGervey, Lifeguard Mike Scott, City of Laguna Beach Police Department, Police Officer Alfred Collazo, Police Officer Ryan Dominguez, Police Officer Michael Donohue, Police Officer Zach Martinez, and Does 1 through 10, inclusive ("Defendants").  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS Defendants' Motion.

///

## I. BACKGROUND

### A. Procedural History

Plaintiff Leonard J. Porto III ("Plaintiff") filed this action on May 14, 2008 against Defendant City of Laguna Beach and Does 1 through 10.  Plaintiff filed a first amended complaint ("Complaint") on September 22, 2008 adding ten new defendants and alleging: (1) claims under 42 U.S.C. §§ 1983, 1986 against Defendants Donohue and City of Laguna Beach ("City"); (2) claim against City for failure to train police officers; (3) claims under 42 U.S.C. §§ 1983, 1985 and 1986 against Defendants McGervey and City; (4) claim against City for failure to train lifeguards; (5) violation of the First Amendment; (6) violation of the Fifth and Fourteenth Amendments; (7) false arrest and imprisonment; (8) intentional and negligent infliction of emotional distress; (9) selective and vindictive enforcement, conspiracy; (10) violation of the California Constitution and California Coastal Act; and (11) violation of the Ninth Amendment.

On October 15, 2008, Defendants moved to dismiss all claims.  Plaintiff filed an Opposition on November 3, 2008. Defendants filed a timely Reply on November 10, 2008.

### B. Plaintiff's Allegations

On July 2, 2007 Plaintiff was scuba diving with a friend in Laguna Beach, California. [Complaint ¶ 15.]  After returning to land, Plaintiff was "confronted by lifeguards, police and other individuals."  [*Id.* ¶ 16.]   Plaintiff was permitted to call his attorney after the fourth request to do so but during the call, Defendant Donohue removed Plaintiff's cell phone out of his hand and placed him in a "pain compliance hold."  [*Id.* ¶ 17.]  Following the pain compliance hold, Defendant Collazo cited Plaintiff with a violation of Laguna Beach Municipal Code § 18.21.030 (b), which makes it a misdemeanor to fail to obey a lifeguard.  [*Id.* ¶ 18.]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all

reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

### A.   Claims Under 42 U.S.C. §§ 1983, 1986 Against Defendants Donohue and City

Plaintiff alleges that Defendant Donohue used "excessive force" when he removed Plaintiff's cell phone out of his hand while Plaintiff was speaking to his attorney in violation of the Civil Rights Act. [Complaint ¶ 27.] Plaintiff sues Defendant Donohue in both his official and individual capacities. [*Id.* ¶¶ 27, 30.] The real party in interest in a suit against an officer in his or her official capacity is the entity of which that defendant is an officer. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Defendants correctly point out that "City cannot be held liable pursuant to the Civil Rights Act for an injury inflicted solely by an employee under a theory of *respondeat superior*." [Mot. at 4 (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978) ("we conclude that a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.")).]

The Civil Rights Act imposes liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights. *Id.* Plaintiff fails to allege that Defendant Donohue removing the cell phone from him was pursuant to an unconstitutional City policy. A bald allegation that Defendant Donohue "acted under color of state law" to violate Plaintiff's Fourth Amendment rights does not "raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Accordingly, Plaintiff fails to allege a violation of the Civil Rights Act against Defendant Donohue in his official capacity and against Defendant City.

### B.   Claim Against City for Failure to Train Police Officers

Plaintiff alleges that the "training program of the City of Laguna Beach Police Department was not adequate to prevent its officers from using excessive force or violating Plaintiff's rights." [Complaint ¶ 33.] As discussed above, Plaintiffs fails to sufficiently state a claim for violation of his constitutional rights against Defendant City. Accordingly, claim two does not state a claim on which relief can be granted.

### C.   Claims Under 42 U.S.C. §§ 1983, 1985 and 1986 Against Defendants McGervey and

**City**

Plaintiff alleges he was "unlawfully placed under citizen's arrest by Mr. McGervey, and falsely accused of disobeying Mr. McGervey[.]" [Complaint ¶ 36.] An arrest is "taking a person into custody, in a case and in the manner authorized by law, which may be made by a peace officer or by a private person." California Penal Code § 834. An arrest is made by an actual restraint of the person, or by submission to the custody of an officer. *Id.* § 251. Plaintiff fails to allege that he was actually arrested by Defendant McGervey. The only allegation in Plaintiff's Complaint that can be construed as being placed in custody or being restrained is when he alleges that Defendant Donohue placed him in a "pain compliance hold." [Complaint ¶ 17.] Accordingly, Plaintiff fails to allege a claim of false arrest against Defendant McGervey. Plaintiff's claim against City suffers from the same defect as in claim one, *i.e.* Plaintiff fails to allege that Defendant McGervey acted pursuant to an unconstitutional City policy. Thus, Plaintiff's claim against City also fails.

### D.    Claim Against City for Failure to Train Lifeguards

Plaintiff alleges that the City's training program for its lifeguards are "not adequate to train Defendant lifeguards in how and when to close beaches or perform citizen's arrests[.]" [Complaint ¶ 38.] As discussed above, Plaintiffs fails to sufficiently state a claim for violation of his constitutional rights against Defendant City for claim three. Accordingly, claim four does not state a claim on which relief can be granted.

### E.    Violation of the First Amendment

#### (1)    Freedom of Speech

Plaintiff purports to state a claim based on a violation of his rights under the Free Speech Clause of the First Amendment. He alleges that he "was punished for exercising free speech by criticizing the City lifeguard's actions for several years" and that he was not allowed to speak to his attorney while being cited. [Complaint ¶¶ 42-43.] The Court construes this as a claim alleging Plaintiff was cited by Defendants in retaliation for engaging in protected activity.

The elements of a First Amendment retaliation claim are as follows: "(1) [the plaintiff] was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 446 F.3d 964, 978 (9th Cir. 2006). "If the plaintiff establishes the elements of a retaliation claim, the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." *Id.* (internal quotations omitted).

Plaintiff has failed to allege adequately the causation element of a claim for retaliation in

violation of his First Amendment rights.  Plaintiff was cited by Defendant Collazo for violating Laguna Beach Municipal Code § 18.21.030B "failure to obey lifeguard." [Complaint ¶ 18.]  The Complaint lacks any allegation that Defendant Collazo had any knowledge of Plaintiff's criticisms of City's lifeguards.  Plaintiff fails to allege that the citation was a result of any speech on his part, whether such speech is protected or not, because he does not allege a causal connection between the speech and the citation.  *Pinard*, 446 F.3d at 978.

### (2)     Freedom of Association

Plaintiff alleges that his "right of free association is violated by the prohibition of solo diving in LBMC § 18.21.030.[1]" [Complaint ¶ 41.]  States may adopt regulations infringing on the right of free association if the regulation is intended "to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984).  Even assuming that scuba diving is a constitutionally protected activity, Plaintiff fails to allege how his right to scuba dive outweighs the compelling interest of City of protecting persons that scuba dive from hazardous conditions.

---

[1]LBMC 18.21.030(a) provides:

> Hazard to Others or Self. No person shall participate in any skin diving or scuba diving activity at any time in the Pacific Ocean within the city in a manner that constitutes a hazard to any other person or to themselves.

LBMC 18.21.030(b) provides:

> Authorized Order to Discontinue Skin Diving or Scuba Diving. The city manager, marine safety chief, police chief or their authorized designees, or any officer or employee designated by the city manager to enforce surfing regulations and control skin diving and scuba diving activities, may prohibit skin diving and scuba diving at any time diving conditions become hazardous as a result of storm, congestion of persons, lack of proper equipment (such equipment to include mask, fins, snorkel, buoyancy compensator and diving partner) or other conditions which cause a present danger to the persons skin diving or scuba diving or to others. No person shall fail, refuse or neglect to stop skin diving or scuba diving activities or to leave the water when ordered to do so by any such employee of the city.

### (3) Freedom of Travel

Plaintiff alleges that his "right to travel between coves in the City was violated by LBMC § 18.21.030." [Complaint ¶ 45.] Freedom to travel throughout the United States has long been recognized as a basic right under the Constitution. *Dunn v. Blumstein*, 405 U.S. 330, 338 (1972). A state law implicates the right to travel when it actually deters such travel. *Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 903 (1986).

The City's ordinances at issue do not infringe on the right to travel. The ordinances protect persons that scuba dive or scuba dive from hazardous conditions.

### F. Violation of the Fifth and Fourteenth Amendments

Plaintiff alleges that the municipal ordinances in question are unconstitutionally vague, "as applied to divers trained and certified by internationally recognized agencies." [Complaint ¶ 49.] Additionally, he alleges that the misdemeanor charge is an "excessive penalty" for violating the municipal ordinances at issue. [*Id*. ¶ 48.] These issues were addressed in the Court's previous Order dated June 18, 2008 where we denied Plaintiff's application for a temporary restraining order and will not be re-visited at length here.

In short a statute is unconstitutionally vague if a person of reasonable intelligence would not understand what conduct is prohibited. *See United States v. Williams*, 441 F.3d 716, 724 (9th Cir. 2006) ("In examining a statute for vagueness, we must determine whether a person of average intelligence would reasonably understand that the charged conduct is proscribed."). Further, a statute would be unconstitutional if it is subject to discriminatory or arbitrary enforcement. *See California Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1150 (9th Cir. 2001). As discussed in our previous Order, the municipal ordinances at issue are not vague and Plaintiff's claim that they provide an excessive penalty fails.

### G. Plaintiff's State Tort Claims

Plaintiff raises claims of false arrest and imprisonment, infliction of intentional and negligent emotional distress, selective and vindictive enforcement and conspiracy, and violations of the California Constitution and California Coastal Act as his seventh, eighth, ninth and tenth claims. Moving Defendants do not attack these claims substantively, but rather argue that they should be dismissed because the Complaint fails to allege compliance with the California Government Claims Act (the "Claims Act"). [Mot. at 11.]

California law provides that "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board or has been deemed to have been rejected." Cal. Gov. Code § 945.4. "Compliance with

the state claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Pacific Telephone and Telegraph Co. v. County of Riverside*, 106 Cal. App. 3d 103, 188 (1980). Suits against employees of government agencies acting in the scope of their employment are subject to the same requirement. *See C.A. Magistretti Co. v. Merced Irrigation Dist.*, 27 Cal. App. 3d 270, 274 (1972); Cal. Gov. Code § 950.2.

Moving Defendants are clearly government employees subject to the Claims Act. Plaintiff's Complaint does not allege that he made a written claim to satisfy the requirements of the Claims Act. Accordingly, the Court GRANTS Defendants' Motion to Dismiss these claims.

### H.     Violation of the Ninth Amendment

Plaintiff alleges that "[p]articipation in, and the pursuit of, recreational sports, such as scuba diving, is protected activity" under the Ninth Amendment to the U.S. Constitution. [Complaint ¶ 70.] Courts have consistently held that the Ninth Amendment is not a source of rights as such; it is simply a rule about how to read the Constitution. *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991) ("the ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law. The ninth amendment was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the Constitution.") (internal quotations and citations deleted). Accordingly, Plaintiff fails to state a claim on which relief can be granted pursuant to a violation of the Ninth Amendment.

## IV.     DISPOSITION

For the foregoing reasons, Defendants' Motion to dismiss all claims against Defendant Donohue in his official capacity and against Defendant City is GRANTED as to claim one without leave to amend. *See Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment."). Defendants' Motion to dismiss Plaintiff's second, third, fourth, fifth, sixth, and eleventh claims is GRANTED without leave to amend. *Id.* Defendants' Motion to dismiss Plaintiff's state tort claims (seventh, eighth, ninth, and tenth claims for relief) for failure to show compliance with the Claims Act is GRANTED with twenty days leave to amend from the date of this Order. *Id.*

The Clerk shall serve this minute order on all parties to the action.