O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-547 DOC (MLGx)                           Date: January 20, 2009

Title: LEONARD J. PORTO III v. CITY OF LAGUNA BEACH, et.al.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                         Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                             Not Present
  Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(b) AND/OR F.R.C.P RULE 12(b)(6)

       Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b), or in the alternative, Fed. R. Civ. P. 12(b)(6). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

## I.     BACKGROUND

### a.     Plaintiff's Allegations

       On July 2, 2007, Plaintiff was scuba diving with a friend in Laguna Beach, California. After returning to land, Plaintiff was "confronted by lifeguards, police and other individuals." Plaintiff

was permitted to call his attorney after the fourth request to do so but during the call, Defendant Donohue removed Plaintiff's cell phone out of his hand and placed him in a "pain compliance hold." Following the pain compliance hold, Defendant Collazo cited Plaintiff with a violation of Laguna Beach Municipal Code § 18.21.030 (b), which makes it a misdemeanor to fail to obey a lifeguard.

      **b.**      **Procedural History**

Plaintiff Leonard J. Porto III ("Plaintiff") filed this action on May 14, 2008 against Defendant City of Laguna Beach and Does 1 through 10. Plaintiff filed a first amended complaint ("FAC") on September 22, 2008, adding ten new defendants and alleging: (1) claims under 42 U.S.C. §§ 1983, 1986 against Defendants Donohue and City of Laguna Beach ("City"); (2) a claim against City for failure to train police officers; (3) claims under 42 U.S.C. §§ 1983, 1985 and 1986 against Defendants McGervey and City; (4) a claim against City for failure to train lifeguards; (5) violation of the First Amendment; (6) violation of the Fifth and Fourteenth Amendments; (7) false arrest and imprisonment; (8) intentional and negligent infliction of emotional distress; (9) selective and vindictive enforcement, conspiracy; (10) violation of the California Constitution and California Coastal Act; and (11) violation of the Ninth Amendment.

On October 15, 2008, Defendants moved to dismiss all claims. Plaintiff filed an Opposition on November 3, 2008. Defendants filed a timely Reply on November 10, 2008. On November 19, 2008, the Court granted Defendants' Motion. Specifically, Defendants' Motion to dismiss all claims against Defendant Donohue in his official capacity and against Defendant City was granted as to claim one without leave to amend. Defendants' Motion to dismiss Plaintiff's second, third, fourth, fifth, sixth, and eleventh claims was granted without leave to amend. Defendants' Motion to dismiss Plaintiff's state tort claims (seventh, eighth, ninth, and tenth claims for relief) for failure to show compliance with the California Government Claims Act was granted with twenty days leave to amend from the date of the order. On December 15, 2008, Plaintiff filed a Notice of Appeal to the Ninth Circuit of the Court's order granting Defendants' Motion

Plaintiff filed a Second Amended Complaint ("SAC") on December 9, 2008, alleging the following causes of action: (1) a claim under 42 U.S.C. § 1983 against Defendant Donohue in his individual capacity; (2) a claim under 42 U.S.C. §§ 1983, 1986 against Donohue in his individual capacity and all other defendants in their official and individual capacity for negligence; (3) a claim under 42 U.S.C. § 1983 for false arrest and imprisonment; (4) a claim under 42 U.S.C. § 1983 for intentional and negligent infliction of emotional distress; (5) a claim under 42 U.S.C. §§ 1983, 1985(3) for selective and vindictive enforcement, conspiracy; and (6) a state claim pursuant to 28 U.S.C. § 1367 for violation of the California Constitution and California Coastal Act. Further, Plaintiff seeks damages and injunctive relief.

In response to Plaintiff's Second Amended Complaint, Defendants brought the instant motion, seeking to dismiss the action under two legal theories. First, under Fed. R. Civ. P. 41(b),

Defendants argue that Plaintiff's SAC should be dismissed because Plaintiff failed to comply with the Court's prior order granting Defendants' Motion and only directing Plaintiff to amend his state law claims. Alternatively, Defendants argue that Plaintiff's SAC also fails to state any claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

### a. Fed. R. Civ. P. 41(b)

Under Fed. R. Civ. P. 41(b), a defendant can move to dismiss the action or any claim against it if the plaintiff fails to prosecute the action or fails to comply with the federal rules or a court order. A dismissal under Fed. R. Civ. P. 41(b) typically constitutes an adjudication on the merits. In deciding to dismiss an action pursuant to Rule 41(b), the Court can consider the strength or weakness of the plaintiff's case. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). While the "district judge should first consider less drastic alternatives [before dismissing a case under Rule 41(b)], [it] 'need not exhaust them all before finally dismissing a case.'" *Id*. at 1178 (*quoting Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971).

### b. Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### a. **Plaintiff's Claim One for Excessive Force Against Officer Donohue in his Individual**

**Capacity**

As to Plaintiff's first cause of action in his SAC against Officer Donohue in his individual capacity for excessive force, Plaintiff argues that he actually did comply with this Court's prior order granting Defendants' Motion to Dismiss with leave to amend the state law claims only. As Plaintiff points out, as to Plaintiff's excessive force claim in his FAC, this Court only said it was dismissing the excessive force claim against Officer Donohue in his *official* capacity and against the City without leave to amend. The Court did not clearly address that Plaintiff's first amended complaint also alleged an excessive force claim against Donohue in his individual capacity.

Due to this deficiency, the Court must address whether Plaintiff has sufficiently alleged a claim for excessive force against Officer Donohue in his individual capacity. The facts alleged are similar in both the FAC and SAC. Plaintiff alleges that his fourth amendment right to be free from unreasonable searches and seizures was violated when Donohue used a pain compliance hold to forcibly remove Plaintiff's cell phone from his hands so that the officers could issue Plaintiff a citation for failing to obey a lifeguard.

First of all, construing the SAC in the light most favorable to Plaintiff, Officer Donohue likely "seized" Plaintiff for purposes of the Fourth Amendment when Donohue physically restrained Plaintiff. "A seizure is a 'governmental termination of freedom of movement through means intentionally applied,' *Jensen v. City of Oxnard*, 15 F. 3d 1078, 1083 (9th Cir. 1998) (internal quotation marks and citation omitted), and occurs 'whenever [an officer] restrains the individual's freedom to walk away.' *Robins v. Harum*, 773 F.2d 1004, 1009 (9th Cir. 1985)." *Torres v. City of Madera*, 524 F.3d 1053, 1055 (9th Cir. 2008).

Thus, the remaining issue is whether Donohue's seizure implicates excessive force. As Plaintiff points out, for purposes of the Fourth Amendment, "officers may only use such force as is 'objectively reasonable' under the circumstances" *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001) (*quoting Graham v. Connor*, 490 U.S. 386, 397 (1989). Because at this stage in the litigation the Court is limited to referencing the complaint, the Court cannot say that Plaintiff has failed to allege that excessive force was used in these circumstances. He claims that he was told by another officer that he was allowed to use his cell phone, and he states that he was otherwise complying with the officers. These allegations suggest that use of a pain compliance hold was unnecessary.

Further, in Defendants' opposition to the FAC in which the excessive force claim was first discussed, Defendants do not raise arguments that Donohue used reasonable force or that he is subject to qualified immunity. The Court takes no position on the ultimate viability of Plaintiff's claim. The Court only notes that at this stage in the litigation, when the Court is limited to the allegations of the complaint, the Court cannot properly dismiss Plaintiff's excessive force claim against Officer Donohue.

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Cause of Action against Officer Donohue for Excessive Force is hereby DENIED.

### b. Plaintiff's Claim Two for Negligence Under Section 1983 against All Defendants

Admitting that he sprinkled claims of negligence throughout his FAC, Plaintiff now brings a general negligence claim against all defendants pursuant to Section 1983 and Section 1986. However, in order to state a sufficient claim under 1983, Plaintiff must demonstrate that a federal right has been violated (the Court discusses this issue more thoroughly in section III.e of this order]. The only potentially viable federal constitutional violation that the Court can find in Plaintiff's SAC (or in his FAC) is his claim for excessive force under the Fourth Amendment.

However, in *Brower v. County of Inyo*, 489 U.S. 593 (1989), the Supreme Court indicated that liability for Fourth Amendment seizures cannot be predicated on negligence alone. As the Supreme Court stated, [v]iolation of the Fourth Amendment requires an intentional acquisition of physical control." *Id*. at 596. "[T]he Fourth Amendment addresses 'misuse of power', not the accidental effects of otherwise lawful government conduct." *Id*. (*quoting Byward v. United Stated*, 273 U.S. 28, 33 (1927)). Thus, to the extent the Plaintiff argues that the individual defendants were negligent in allowing a violation of his Fourth Amendment rights, he has failed to allege a viable Section 1983 claim.

Further, the Court notes that Plaintiff has basically tries to reallege his claims for failure to train police officers and lifeguards against the City that were previously dismissed with prejudice in this Court's prior order. The Court maintains its position that these claims are not viable.

As a result, Plaintiff's claim for negligence against all defendants pursuant to Section 1983 is DISMISSED WITH PREJUDICE.

### c. Plaintiff's Renewed Claim Three for False Arrest and Imprisonment

In his FAC, Plaintiff brought a claim against Lifeguard McGervey and the City for false arrest and imprisonment due to McGervey's placement of Plaintiff under citizen's arrest for failing to obey a lifeguard. The Court dismissed this claim with prejudice, indicating that Plaintiff failed to allege that an arrest within the meaning of the California Penal Code had been effectuated by McGervey. As the Court stated in citing to California Penal Code § 251, "[a]n arrest is made by an actual restraint of the person, or by submission to the custody of an officer." In its prior order, the Court indicated that "[t]he only allegation in Plaintiff's Complaint that can be construed as being placed in custody or being restrained is when he alleges that Defendant Donohue placed him in a 'pain compliance hold.'"

Seizing on the Court's previously quoted statement, Plaintiff renews his false arrest and imprisonment claim in his SAC. Conceding for purposes of argument that the pain compliance hold

may be an arrest, Plaintiff's claim for false arrest and imprisonment still fails. A false arrest or imprisonment claim requires a showing that the seizure was made without probable cause. In the context of a misdemeanor, the arresting officer must only have a "reasonably credible complaint" against the alleged offender, and the "probable cause to arrest does not depend upon the actual truth of the complaint." *Woods v. City of Chicago*, 234 F.3d 979, 986-7 (7th Cir. 2000). Here, Defendant Donohue clearly had reason to believe Lifeguard McGervey and others at the scene who represented that Plaintiff had failed to obey a lifeguard. Thus, Plaintiff fails to allege a false arrest or imprisonment claim as to any Defendant.

As a result, Plaintiff's Third Cause of Action for False Arrest and Imprisonment is hereby DISMISSED WITH PREJUDICE.

**d.      Plaintiff's State Claim Six and Application of the Government Claims Act**

In this Court's prior ruling dismissing Plaintiff's state law claims with leave to amend, the Court indicated that Plaintiff needed to allege facts demonstrating that he had complied with the California Government Claims Act (the "Claims Act") by making a written claim to the City prior to bringing his state law causes of action. Cal. Gov. Code § 945.4. Rather than alleging such facts in his SAC, Plaintiff argues that he is not actually required to comply with the Claims Act. However, cases cited to by Plaintiff only show that state claim presentment requirement cannot be applied to *federal* causes of action. *See Ford v. Long Beach Unified Sch. Dist.* 461 F.3d 1087 (9th Cir. 2006); *Felder v. Casey*, 487 U.S. 131 (1988). As Defendants point out, this Court never ruled that the Claims Act requirements applied to Plaintiff's federal causes of action. Instead, this Court only ruled that Plaintiff needed to make such a showing as to his state law claims. Thus, Plaintiff's case law citations are inapposite. Further, Plaintiff only presents facts that at various times, and across years, he verbally warned Defendants that he might sue them. These facts do not suggest compliance with the Claims Act, and the facts also do not indicate that leave to amend will remedy the deficiencies in the complaint regarding the state law claims.

As a result, Plaintiff's Sixth Cause of Action for Violation of the California Constitution and California Coastal Act, the only claim explicitly presented as a state law claim in the SAC, is hereby DISMISSED WITH PREJUDICE.

**e.      Plaintiff's Claim for Four for Intentional and Negligent Infliction of Emotional Distress under Section 1983**

Plaintiff also repackages a number of his previous state law claims as claims now brought pursuant to Section 1983. However, an action under Section 1983 cannot be brought based on purely state-created rights. A violation of federal rights must also be shown. *Ybarra v. Bastian*, 647 F.2d 89, 892 (9th Cir. 1981). As evidenced in this Court's prior ruling, Plaintiff's claim for intentional and negligent infliction of emotional distress is a state law claim. Just because Plaintiff now indicates that

he is bringing that cause of action under Section 1983 does not transform the state law tort into a claim involving federal rights. Further, as to this cause of action, Plaintiff also does not show compliance with the Claims Act as required by this Court's prior ruling. Thus, Plaintiff cannot properly bring this claim as a state law violation against defendants either.

As a result, Plaintiff's Fourth Cause of Action for Intentional and Negligent Infliction of Emotional Distress is DISMISSED WITH PREJUDICE.

### f. Plaintiff's Claim Five for Selective and Vindictive Enforcement, Conspiracy

In granting the prior motion to dismiss, this Court treated Plaintiff's claim for selective and vindictive enforcement as a state law claim. Plaintiff now realleges that claim as brought pursuant to Section 1983 and Section 1985(3).

While the Court previously did not reach the merits of Plaintiff's selective and vindictive enforcement claim in its prior order, the Court does so now and hereby finds the cause of action without merit.

As Defendants acknowledge, constitutional limits are placed on the enforcement of criminal laws. *Wayte v. United States*, 470 U.S. 598, 608 (1985). The Constitution provides individuals with equal protection of the law and therefore restrictions placed on one person must be enforced against another in like circumstances. *Yick Wo. V. Hopkins*, 118 U.S. 356, 367 (1886). In presenting his claim, Plaintiff cites to selective and vindictive prosecution case, *U.S. v. Anderson*, identifying the following standard which the Court entertains. As to selective prosecution, "[a] prosecutor selectively prosecutes someone when..he [] single[s] out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he" does not prosecute those outside the group; "he must initiate prosecution with a discriminatory purpose...and "the prosecution must have a discriminatory effect on the group which the defendant belongs to." *U.S. v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991). Further, "[a] prosecutor vindictively prosecutes a person when he or she acts to deter the exercise of a protected right by the person prosecuted." *Id*.

Recognizing that this is not a circumstance of criminal prosecution, the Court concedes the selective and vindictive enforcement of citations may violate equal protection in the same way as criminal prosecution. However, Plaintiff fails to show either that he was part of a protected group that was purposefully targeted or that he was deterred from exercising a constitutional right. Identifying oneself as a scuba diver does not implicate a protected group and scuba-diving as an activity is not a constitutionally protected right.

Further, to the extent Plaintiff's selective enforcement claim is also predicated on an argument that he was targeted for exercising his free speech rights, this Court's prior order dismissed

Plaintiff's free speech claim without leave to amend. The Court will not reiterate those arguments here. The Court merely points out that it already determined that Plaintiff could not show he was targeted by law enforcement officials for criticizing lifeguards. Thus, he cannot revive that point in order to prevail on his selective enforcement claim.

As a result, Plaintiff's Fifth Cause of Action for Selective and Vindictive Enforcement, Conspiracy is hereby DISMISSED WITH PREJUDICE.

## IV.    DISPOSITION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss Plaintiff's first cause of action against Officer Donohue for excessive force. However, Plaintiff's second, third, fourth, fifth, and sixth causes of action are DISMISSED WITH PREJUDICE. Plaintiff does not have leave to amend any of these claims.

The Clerk shall serve this minute order on all parties to the action.